BRYAN-WOLLMAN ET AL., APPELLEES, *v.* DOMONKO, APPELLANT.

[Cite as *Bryan–Wollman v. Domonko,*
115 Ohio St.3d 291, 2007-Ohio-4918.]

(No. 2006–1201—Submitted May 23, 2007—Decided September 27, 2007.)

PFEIFER, J.

{¶ 1} On September 30, 1999, a car driven by appellee Kathleen Bryan–Wollman was struck by a car driven by appellant Corrine Domonko. Domonko admitted her negligence. After a trial, the jury returned a verdict for the defense, apparently finding that there were no damages proximately caused by the collision. Bryan–Wollman moved for judgment notwithstanding the verdict or for a new trial; the motion was denied. Bryan–Wollman appealed, and the court of appeals reversed, concluding, "The trial court should have granted plaintiffs' motion for judgment notwithstanding the verdict or a new trial." 167 Ohio App.3d 261, 2006-Ohio-2318, 854 N.E.2d 1108, ¶ 21. We accepted Domonko's discretionary appeal.

{¶ 2} Section 3(B)(3), Article IV of the Ohio Constitution states, "No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." Though this constitutional language is admirably straightforward, in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541,[1] paragraph four of the syllabus, we

---

1. More than 20 federal and state cases state that *Thompkins* has been "superseded by constitutional amendment on other grounds as stated by *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668." See, e.g., *State v. Love*, 6th Dist. No. L–05–1087, 2006-Ohio-2925, 2006 WL 1580055, ¶ 14;

removed all opportunity to misconstrue Section 3(B)(3), Article IV by stating, "To reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." The vote of the court of appeals panel in the case before us was two to one; therefore, if the decision to reverse the judgment of the jury was based on the weight of the evidence, the court of appeals decision must be reversed.

{¶ 3} The court of appeals stated, "While the record contains a significant amount of disagreement over the extent of plaintiff's damages, there was a certain amount of uncontroverted evidence that plaintiff did suffer some damages as a proximate result of Ms. Domonko's negligence. In such cases, a defense verdict is against the manifest weight of the evidence because it is not supported by competent, credible evidence." 167 Ohio App.3d 261, 2006-Ohio-2318, 854 N.E.2d 1108, ¶ 20. When applying a sufficiency-of-the-evidence standard, a court of appeals should affirm a trial court when " 'the evidence is legally sufficient to support the jury verdict as a matter of law.' " *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed.1990) 1433. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. When applying a civil manifest-weight-of-the-evidence standard, a court of appeals should affirm a trial court when the trial court's decision "is supported by some competent, credible evidence." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 32. Although *Wilson* states that "the standard in *C.E. Morris Co.* tends to merge the concepts of weight and sufficiency," the merger is not complete because of the separate constitutional significance accorded "weight of the evidence" by Section 3(B)(3), Article IV of the Ohio Constitution. Id. at ¶ 26.

{¶ 4} It is clear to us that the court of appeals was applying a manifest-weight-of-the-evidence standard. First, the court of appeals referred to that standard. Second, the court of appeals stated part of the standard as enunciated in *Wilson*. Third, in its opinion the court of appeals acknowledged that there was evidence presented on both sides of the damages issue. And finally, the court of appeals

---

*State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416, 868 N.E.2d 1018, ¶ 18, fn. 1; *Walker v. Timmerman–Cooper* (Oct. 5, 2006), S.D.Ohio No. 1:05cv103, 2006 WL 3242101, at *6. *Smith* states no such thing; neither reference to a *Thompkins* case in *Smith* indicates that *Thompkins* has been superseded. *Smith*, 80 Ohio St.3d at 99, 113, 684 N.E.2d 668. Though *Smith* states that several cases have been "mooted by the passage of the Issue I amendments to the Ohio Constitution," *Thompkins* is not one of those cases. Id. at 102, 684 N.E.2d 668, fn. 4. Finally, none of those cases that cite *Smith* provide a pinpoint citation (primarily because there isn't one), highlighting the risk of relying on generic cites to an entire opinion. The Sixth District Court of Appeals has also commented on the error. *State v. Quinn*, 6th Dist. No. L–05–1302, 2007-Ohio-878, 2007 WL 625895, ¶ 39, fn. 1.

did not state that it was applying the sufficiency-of-the-evidence standard. We conclude that the court of appeals reversed a jury verdict based on the manifest weight of the evidence and that it did so other than unanimously. Accordingly, the judgment of the court of appeals was reached in violation of Section 3(B)(3), Article IV of the Ohio Constitution, and we reverse it and reinstate the jury verdict.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

James A. Jenkins, for appellees.
James L. Glowacki and William H. Kotar, for appellant.