[Cite as *Roberts v. Erie Ins. Group*, 2014-Ohio-861.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

MICHELLE ROBERTS, et al.                    :

    Plaintiffs-Appellants                    :                    C.A. CASE NO.    2012 CA 46

v.                                          :                    T.C. NO.    2010 CV 38

ERIE INSURANCE GROUP, et al.                :                    (Civil appeal from
                                          Common Pleas Court)

    Defendants-Appellees                     :

                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____7th____ day of ____March____, 2014.

. . . . . . . . . .

JOHN A. SMALLEY, Atty. Reg. No. 0029540, 131 N. Ludlow Street, Suite 1400, Dayton, Ohio 45402
    Attorney for Plaintiffs-Appellants

STEVEN O. DEAN, Atty. Reg. No. 0009095, 130 W. Second Street, Suite 1500, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}**  This matter comes before the court pursuant to the Supreme Court of

Ohio's Opinion in *Roberts v. Erie Ins. Group,* 136 Ohio St.3d 1469, 2013-Ohio-3790, 993

N.E.2d 774, reversing and remanding our judgment in *Roberts v. Erie Ins. Group*, 2d Dist.

Greene No. 2012 CA 46, 2013-Ohio-718.

{¶ 2}     In our Opinion, the majority concluded that the jury verdict, which awarded no damages to Plaintiff-Appellant Michelle Roberts, was against the manifest weight of the evidence, in light of the jury's finding that Zachary Gillespie had "directly or proximately caused any injuries" to Roberts. However, as the Supreme Court pointed out, an appellate court is not permitted to reverse a jury verdict as being against the manifest weight of the evidence without unanimous agreement of the appellate judges:

> Section 3(B)(3), Article IV of the Ohio Constitution states, "No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." Though this constitutional language is admirably straightforward, in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph four of the syllabus, we [the supreme court] removed all opportunity to misconstrue Section 3(B)(3), Article IV by stating, "To reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required."   * * *

*Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶ 2. Thus, the Supreme Court held that it was error for this court to reverse the jury verdict as against the manifest weight of the evidence, since the judges assigned to the case were not unanimous in that conclusion, and it remanded the case to us.[1]

---

[1] In May 2013, on Gillespie's motion, we certified a conflict concerning jury interrogatories.   The Supreme Court held that no conflict exists.   *Roberts v. Erie Ins. Group*, 136 Ohio St.3d 1469, 2013-Ohio-3790, 993 N.E.2d 774.

{¶ 3} Our prior Opinion did not address two assignments of error related to evidentiary issues, because our decision with respect to the weight of the evidence rendered them moot. We now turn to those assignments.

{¶ 4} Roberts's second and third assignments of error state:

THE TRIAL COURT ERRED IN ALLOWING INADMISSIBLE HEARSAY INTO EVIDENCE.

THE TRIAL COURT ERRED IN ALLOWING DEFENDANT'S EXHIBIT P INTO EVIDENCE WITHOUT EXPERT TESTIMONY.

{¶ 5} Under these assignments of error, Roberts contends that a summary of her medical expenses, which was prepared and offered by the defense (Exhibit P), was inadmissible hearsay and should have been excluded. Most of the bills upon which the summary was based were included in Roberts's exhibits, as well as Court's Exhibit 1. Roberts did not object to the accuracy of the information contained in Gillespie's summary, but to its hearsay nature. Roberts contends that the bills used to prepare the summary were not properly authenticated, that the summary necessarily suffered from the same infirmity, and that no expert testimony was offered to show the reasonableness of the charges reflected in the bills. Roberts contends that, pursuant to R.C. 2317.421,[2] she was entitled to certain presumptions of reasonableness and authenticity with respect to the medical bills she, as

---

[2] R.C. 2317.421 states: "In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, *if otherwise admissible*, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm, or corporation issuing such bill or statement * * *." (Emphasis added.)

Plaintiff, presented, but that Gillespie, in relying on the same documents to establish "write-offs," was not entitled to these presumptions, and that in any event, Gillespie's summary was not properly authenticated.

{¶ 6} Gillespie (represented by his insurer, Erie) contends that R.C. 2317.421 creates a presumption of the reasonableness of charges reflected in medical bills, but does not state that such bills are presumed to be authenticated. He argues that Roberts's authentication arguments in the trial court were "attempts at gamesmanship" because the invoices she produced also were not authenticated, and that Roberts agreed to the admission of the summary (Exhibit P). According to Gillespie, defense counsel offered to stipulate to the authenticity of the documents if Roberts would do the same, and the trial court "elected to take the gamesmanship out of the scenario and allow the evidence as neither party's invoices were properly authenticated."

{¶ 7} In her brief, Roberts characterizes the disputed exhibits as an attempt to introduce "write-off information" (i.e., amounts she was originally billed but which she was not actually required to pay, due to insurance agreements or other factors). A defendant frequently offers evidence of write-offs in hopes that a jury will determine that the reasonable value of the medical services rendered to a plaintiff was not the amount originally charged, but the amount charged minus the amount written off by the provider. *See Anderson v. Schmidt*, 8th Dist. Cuyahoga No. 99084, 2013-Ohio-3524, ¶ 48. In Roberts's view, the summary of her medical expenses was the only document that could have "led the jury to inquire as to [her] personal payments to discharge her bills and to purportedly support an award of zero damages."

{¶ 8} Roberts's argument on appeal that Exhibit P and the documents upon which the summary relied improperly led the jury to conclude that she suffered no damages differs from her objection in the trial court that the documents were hearsay. But even if we were to assume that Exhibit P and the medical bills were improperly admitted, Roberts's argument on appeal that these exhibits led the jury to award her zero damages is speculative and is not supported by the record. Neither Gillespie's summary nor Roberts's medical bills suggested that Roberts *did not pay anything* toward her medical expenses.

{¶ 9} Many of the bills contain a section entitled "Payments/Adjustments," which lists an amount that correlates to the amount of the bill, but these bills do not indicate whether it was a payment or an adjustment that satisfied the bill. Where a "Payor" column exists, it is blank. Some bills reflect cash or credit card payments before an insurance claim was filed. The summary includes columns for "Amount Claimed," "Adjust./Write-Off Amount," and "Amount Paid to Satisfy Bill," organized by provider, but it contains no indication of who paid the final amount owed. The jury could not have reasonably concluded, based on these documents, that Roberts had no out-of-pocket expenses. We cannot conclude that Roberts was prejudiced by the admission of the exhibits in the manner that she claims.

{¶ 10} Roberts's argument that her evidence of medical expenses, offered via her copies of medical bills, were presumed to be authentic under R.C. 2317.421, whereas Gillespie's evidence was not, has no bearing on our conclusion that the jury's verdict is not attributable to the alleged hearsay.[3]

---

[3] Further, *Moretz v. Muakkassa*, 137 Ohio St.3d 171, 2013-Ohio-4656, 998 N.E.2d 479, ¶ 92, held that evidence of "write-offs" is also prima facie evidence.

**{¶ 11}** As discussed above, we were not unanimous in our earlier judgment that the jury's damage award was against the manifest weight of the evidence; our lack of unanimity precluded us from reversing the jury's verdict. The only other reasonable interpretation of the jury's verdict, which found that Gillespie had "proximately cause[d] any injuries to * * * Roberts as a result of the automobile collision," but awarded no damages, is that the jury determined that Roberts suffered no compensable injuries as a result of the accident. As Judge Donovan observed in her dissent, "there was competent, credible evidence indicating that this was only a very minor accident with minimal damage to plaintiff's vehicle upon which the jury could have questioned the authenticity of plaintiff's claimed injuries and the necessity and reasonableness of any treatment." *Roberts v. Erie Ins. Group*, 2d Dist. Greene No. 2012 CA 46, 2013-Ohio-718, at ¶ 32 (Donovan, J., dissenting). It is not unreasonable to assume that the award of zero damages was attributable to such a view of the evidence.

**{¶ 12}** The second and third assignments of error are overruled.

**{¶ 13}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

John A. Smalley
Steven O. Dean
Hon. Stephen A. Wolaver