**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Z.C.*, Slip Opinion No. 2023-Ohio-4703.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4703

IN RE Z.C.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Z.C.*, Slip Opinion No. 2023-Ohio-4703.]**

*Domestic relations—Termination of parental rights—R.C. 2151.414—The proper appellate standards of review to apply in cases involving a juvenile court's decision under R.C. 2151.414 to award permanent custody of a child and to terminate parental rights are the sufficiency-of-the-evidence and/or manifest-weight-of-the-evidence standards, as appropriate depending on nature of arguments presented by parties—Court of appeals' judgment reversed and cause remanded to court of appeals.*

(No. 2022-1251—Submitted September 12, 2023—Decided December 27, 2023.)

CERTIFIED by the Court of Appeals for Ashtabula County, No. 2022-A-0014, 2022-Ohio-3199.

_____

**STEWART, J.**

{¶ 1} In this appeal, we resolve a conflict between the Eleventh District Court of Appeals and other appellate districts over the proper appellate standards of review to apply in cases involving a juvenile court's decision under R.C. 2151.414 to award permanent custody of a child and to terminate parental rights. We hold that the sufficiency-of-the-evidence and/or manifest-weight-of-the-evidence standards apply in such appeals. Because the Eleventh District applied an abuse-of-discretion standard in this case, we reverse that court's judgment and remand this matter to the court of appeals for it to apply the proper standards.

**Facts and Procedural History**

{¶ 2} Appellant, D.C., is the father of Z.C., a minor child. Appellee, the Ashtabula County Children Services Board ("ACCSB"), became involved with Z.C. in early 2019 when the Juvenile Division of the Ashtabula County Court of Common Pleas granted the agency emergency temporary custody of Z.C. based on the agency's concerns about Z.C.'s mother's home, where the child was living with other siblings. D.C. did not reside at that home, and Z.C. had never been in D.C.'s home. Ultimately, Z.C. was placed in foster care with his half-brother, L.T., with whom he shares the same mother. ACCSB has been granted permanent custody of L.T., and the foster family wishes to adopt both children.

{¶ 3} In May 2020, D.C. moved for custody of Z.C. in the juvenile court. In August 2020, ACCSB moved to modify its temporary custody of Z.C. to permanent custody. The juvenile-court magistrate held an evidentiary hearing, and in April 2021, the magistrate issued a decision granting ACCSB's motion. The magistrate determined that committing Z.C. to the permanent custody of the agency and terminating the parental rights of D.C. and Z.C.'s mother would serve Z.C.'s best interest. D.C. objected to the magistrate's best-interest analysis, arguing that the evidence had not demonstrated that a legally secure placement of Z.C. could not be achieved without granting permanent custody to ACCSB and that he was

2

able to care for Z.C. and should have been granted custody. In March 2022, the juvenile court overruled D.C.'s objections and adopted the magistrate's decision awarding permanent custody to ACCSB and terminating the parental rights of D.C. and Z.C.'s mother, concluding that the magistrate's best-interest findings were supported by the record.

**{¶ 4}** D.C. appealed the judgment to the Eleventh District Court of Appeals, arguing (1) that the juvenile court had abused its discretion in finding that clear and convincing evidence supported granting permanent custody of Z.C. to ACCSB and (2) that the juvenile court had erred to the prejudice of D.C. and against the best interest of Z.C. by granting permanent custody to ACCSB.

**{¶ 5}** The Eleventh District affirmed the trial court's judgment, concluding that the trial court had not abused its discretion in terminating parental rights and granting the agency's motion for permanent custody. The appellate court also recognized that its decision to apply an abuse-of-discretion appellate standard of review was in conflict with decisions of other appellate districts that had applied a sufficiency-of-the-evidence standard and/or a manifest-weight standard. The Eleventh District sua sponte certified that its decision was in conflict with the following cases: *In re S.V.*, 6th Dist. Wood No. WD-13-060, 2014-Ohio-422; *In re Y.M.*, 5th Dist. Tuscarawas Nos. 2021 AP 09 0020 through 0023, 2022-Ohio-677; *In re Ca.S.*, 4th Dist. Pickaway Nos. 21CA9 and 21CA10, 2021-Ohio-3874; *In re W.W.*, 1st Dist. Hamilton Nos. C-110363 and C-110402, 2011-Ohio-4912; and *In re R.B.*, 12th Dist. Butler Nos. CA2022-01-003 and CA2022-01-004, 2022-Ohio-1705.

**{¶ 6}** We accepted the certified conflict on the following question: "When reviewing a trial court's decision to terminate parental rights, is the appellate standard of review abuse of discretion, manifest weight of the evidence, clear and convincing evidence, or sufficiency of the evidence?" 169 Ohio St.3d 1439, 2023-Ohio-482, 203 N.E.3d 730.

**Law and Analysis**

**{¶ 7}** Under R.C. 2151.414(B)(1), a juvenile court may grant permanent custody of a child to the agency that moved for permanent custody if the court determines, "by clear and convincing evidence, that it is in the best interest of the child" to do so and that one of five factors enumerated in R.C. 2151.414(B)(1)(a) through (e) applies. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross* v. *Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 8}** We have described an appellate court's task when reviewing a trial court's application of the clear-and-convincing burden of proof as follows: "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990), citing *Ford v. Osborne*, 45 Ohio St. 1, 12 N.E. 526 (1887), paragraph two of the syllabus; *accord Cross* at 477.

**{¶ 9}** Here, the court of appeals stated that it would not substitute its judgment for that of a trial court "where there is ample competent and credible evidence supporting the trial court's determination." 2022-Ohio-3199, 195 N.E.3d 590, ¶ 10. But it also described its task of appellate review as follows:

> [A]n appellate court reviews a trial court's determination of permanent custody and the termination of parental rights for an abuse of discretion. *In re Snow*, 11th Dist. Portage No. 2003-P-0080, 2004-Ohio-1519, ¶ 28. *See also In re D.F.*, 2d Dist. Montgomery Nos. 29350 and 2016-CA028, 2022-Ohio-1781, ¶ 23;

*In re L.S.*, 8th Dist. Cuyahoga No. 109995, 2021-Ohio-510, ¶ 51; *Matter of T.L.*, 7th Dist. Jefferson No. 19 JE 0013, 2019-Ohio-4919, ¶ 18; and *Matter of W.G.*, 7th Dist. Jefferson No. 22 JE 0002, 2022-Ohio-2342, ¶ 23. "Further, we review a judgment of the trial court adopting the decision of its magistrate for an abuse of discretion." *Molzon v. Molzon*, 11th Dist. Ashtabula No. 2021-A-0024, 2022-Ohio-1634, ¶ 51. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.2004). "The highly deferential abuse of discretion standard is particularly appropriate in allocation of parental rights and responsibilities cases since the trial judge is in the best position to determine the credibility of the witnesses and there ' "may be much that is evident in the parties' demeanor and attitude that does not translate well to the record." ' " *Molzon*, *supra*, at ¶ 53[,] quoting *In re K.R.*, 11th Dist. Trumbull No. 2010-T-0050, 2011-Ohio-1454, ¶ 30, quoting *Wyatt v. Wyatt*, 11th Dist. Portage No. 2004-P-0045, 2005-Ohio-2365, ¶ 13.

2022-Ohio-3199 at ¶ 11.

{¶ 10} In contrast to the abuse-of-discretion appellate standard of review that the Eleventh District applied here, the appellate courts in the certified-conflict cases applied a sufficiency-of-the-evidence standard and/or a manifest-weight standard. *See S.V.*, 2014-Ohio-422, at ¶ 25 (concluding that the trial court's decision to grant the state's motion for permanent custody was not against the manifest weight of the evidence, because the trial court's best-interest findings were supported by competent, credible evidence); *Y.M.*, 2022-Ohio-677, at ¶ 75 (finding that the trial court's finding that the permanent-custody award was in the children's

best interests was not against the manifest weight of the evidence); *Ca.S.*, 2021-Ohio-3874, at ¶ 44 ("A reviewing court generally will not disturb a trial court's permanent custody decision unless the decision is against the manifest weight of the evidence"); *W.W.*, 2011-Ohio-4912, at ¶ 46 ("As an appellate court, we do not review the juvenile court's decision [to award permanent custody] under an abuse-of-discretion standard; rather, we must examine the record and determine if the juvenile court had sufficient evidence before it to satisfy the statutory clear-and-convincing standard" [footnote omitted]); *R.B.*, 2022-Ohio-1705, at ¶ 28-29 (explaining that an appellate court must review whether sufficient credible evidence exists to support the juvenile court's award of permanent custody and that an appellate court may also conclude that the judgment is against the manifest weight of the evidence).

{¶ 11} Given that R.C. 2151.414 requires that a juvenile court find by clear and convincing evidence that the statutory requirements are met, we agree with those appellate courts that have determined that the sufficiency-of-the-evidence and/or manifest-weight-of-the-evidence standards of review are the proper appellate standards of review of a juvenile court's permanent-custody determination, as appropriate depending on the nature of the arguments that are presented by the parties. We therefore conclude that the court of appeals here erred in applying an abuse-of-discretion standard.

{¶ 12} We recognize the confusion that may have arisen from our case law. For example, in *Masters v. Masters*, 69 Ohio St.3d 83, 85, 630 N.E.2d 665 (1994), this court stated, "It has long been a recognized rule of law that for a reviewing court to overturn a trial court's determination of custody, the appellate court must find that the trial court abused its discretion." The *Masters* decision cited *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988), which stated that "the trial court's determination in a custody proceeding is, of course, subject to reversal upon a showing of an abuse of discretion." But both *Masters* and *Miller* involved

change-of-custody proceedings under R.C. 3109.04 for the allocation of parental rights and responsibilities, not a permanent-custody determination terminating parental rights under R.C. 2151.414, for which the General Assembly has expressly prescribed a clear-and-convincing-evidence burden of proof. Thus, neither *Masters* nor *Miller* is instructive here. Instead, we look to this court's specific instruction relevant to the clear-and-convincing standard. *See Cross*, 161 Ohio St. at 477, 120 N.E.2d 118 ("Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof").

{¶ 13} Sufficiency of the evidence and manifest weight of the evidence are distinct concepts and are " 'both quantitatively and qualitatively different.' " *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 10, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. We have stated that "sufficiency is a test of adequacy," *Thompkins* at 386, while weight of the evidence " 'is not a question of mathematics, but depends on its *effect in inducing belief*' " (emphasis sic), *id.* at 387, quoting *Black's Law Dictionary* 1594 (6th Ed.1990). "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Id.* at 386. "When applying a sufficiency-of-the-evidence standard, a court of appeals should affirm a trial court when " 'the evidence is legally sufficient to support the jury verdict as a matter of law." ' " *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶ 3, quoting *Thompkins* at 386, quoting *Black's* at 1433.

{¶ 14} But "even if a trial court judgment is sustained by sufficient evidence, an appellate court may nevertheless conclude that the judgment is against the manifest weight of the evidence." *Eastley* at ¶ 12. When reviewing for manifest weight, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving

conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id*. at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). " 'If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.' " *Id.* at fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191-192 (1978).

{¶ 15} We recognize that the Eleventh District here described its abuse-of-discretion review similarly to how other courts have described sufficiency or manifest-weight review when it stated, "We will not substitute our judgment for that of the trial court applying a clear-and-convincing standard where there is ample competent and credible evidence supporting the trial court's determination." 2022-Ohio-3199, 195 N.E.3d 590, at ¶ 10, citing *In re A.J.O. & M.N.O.*, 1st Dist. Hamilton No. C-180680, 2019-Ohio-975, ¶ 6. This reference to "competent and credible evidence" and its relationship to manifest-weight review has been described as follows:

> The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in *C.E. Morris Co. v. Foley Construction Co.*[, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978)]: "Judgments supported

by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

*Seasons Coal Co.* at 80. In *Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, we explained that some courts have relied on the phrase "some competent, credible evidence" in *C.E. Morris Co.* to blur the concepts of sufficiency and manifest weight, leading to some confusion. *Eastley* at ¶ 14-15. But in *Eastley*, we made clear that the concepts of sufficiency and manifest weight in civil cases are distinct and that "the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence." *Id.* at ¶ 23. Thus, although the phrase "some competent, credible evidence" can be helpful in describing the reviewing court's deferential role in the manifest-weight analysis, it should not be used as a substitute for the separate sufficiency and manifest-weight analyses appropriate for permanent-custody determinations.

{¶ 16} If a court of appeals determines that a judgment is against the manifest weight of the evidence, the proper remedy is a remand for a new trial. *See id.* at ¶ 22. However, "[r]eversal on the manifest weight of the evidence and remand for a new trial are not to be taken lightly." *Id.* at ¶ 31. Additionally, the role of this court to conduct manifest-weight review in civil cases is limited. Under R.C. 2503.43, in a civil case in which this court does not have original jurisdiction, this court "need not determine as to the weight of the evidence." *See also Eastley* at ¶ 18 ("We will not review a determination by a court of appeals that a verdict or finding is against the weight of the evidence"); *Chem. Bank of New York v. Neman*, 52 Ohio St.3d 204, 207, 556 N.E.2d 490 (1990) ("This court is not required to determine the weight of evidence in civil matters, R.C. 2503.43, and ordinarily will not do so"); *Bown & Sons v. Honabarger*, 171 Ohio St. 247, 252, 168 N.E.2d 880 (1960) ("The Supreme Court is not required to and ordinarily does not weigh the

evidence. Therefore, it will not review the determination by a Court of Appeals that a finding is against the weight of the evidence").

{¶ 17} We recognize that D.C.'s assignment of error on appeal to the Eleventh District stated that the juvenile court had abused its discretion in finding that clear and convincing evidence supported its permanent-custody decision. But the appellate court's role is to apply the appropriate appellate standard of review depending on the nature of the arguments that are presented by the parties, not for the appellant to dictate the standard of review in his or her assignment of error. And it may be that despite how the Eleventh District characterized its review, the Eleventh District essentially found that the juvenile court's determination was supported by sufficient evidence and was not against the manifest weight of the evidence. But we are asked only to resolve the certified-conflict question to determine the proper appellate standards of review. Having resolved that question—and because it is not for this court to conduct a manifest-weight review—we must remand this matter to the court of appeals for that court to apply the proper standards.

**Conclusion**

{¶ 18} For the foregoing reasons, we answer the certified-conflict question by holding that the proper appellate standards of review to apply in cases involving a juvenile court's decision under R.C. 2151.414 to award permanent custody of a child and to terminate parental rights are the sufficiency-of-the-evidence and/or manifest-weight-of-the-evidence standards, as appropriate depending on the nature of the arguments that are presented by the parties. Because the Eleventh District Court of Appeals applied an abuse-of-discretion standard in this case, we reverse that court's judgment and remand this matter to the court of appeals for it to apply the proper standards.

Judgment reversed
and cause remanded.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, BRUNNER, and DETERS, JJ., concur.

––––––––––––––––

Colleen Mary O'Toole, Ashtabula County Prosecuting Attorney, and Christopher R. Fortunato, Assistant Prosecuting Attorney, for appellee.

Judith M. Kowalski, for appellant.

Joseph Palazzo, guardian ad litem for Z.C.

Case Western Reserve University School of Law and Andrew S. Pollis; and Cullen Sweeney, Cuyahoga County Public Defender, and Britta Barthol, Assistant Public Defender, urging reversal for amici curiae Case Western Law Professors and Cuyahoga County Public Defender.

Gessner & Platt Co., L.P.A., and Michael P. Walton, urging reversal for amicus curiae N.H.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, in support of neither party, for amicus curiae Cuyahoga County Division of Children and Family Services.

––––––––––––––––