[Cite as *In re O.S.*, 2025-Ohio-4867.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: O.S.<br>(D.O.B. 03/27/2019) | Case No. 2025CA00045<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Court of Common Pleas,<br>Family Court Division, Case No.<br>2024JCV00574<br><br>Judgment: Affirmed<br><br>Date of Judgment Entry: October 23, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** RICHARD D. HIXSON, for Plaintiff-Appellant; JAMES PHILLIPS, for Defendant-Appellee, MARY LOU SEKULA, Guardian ad Litem

*King, J.*

{¶ 1}   Appellant Father appeals the April 9, 2025 judgment of the Stark County Court of Common Pleas Juvenile Division terminating his parental rights and granting permanent custody to the Stark County Department of Job and Family Services. We affirm the trial court.

**Facts and Procedural History**

{¶ 2}   On May 28, 2024, the Stark County Department of Job and Family Services (SCJFS) filed a complaint alleging dependency and neglect of six-year-old O.S. and seeking temporary custody of the child.   At that time O.S. had been a resident of a pediatric residential care facility for most of his life. O.S. is a high needs child. He has a

tracheotomy, a g-tube and a j-tube for feeding and medication, is non-verbal, is cognitively limited, autistic, and unable to use the toilet on his own. He requires 24-hour care.

{¶ 3}   On August 20, 2024, O.S. was adjudicated dependent. On the same day, a disposition hearing was held and temporary custody was granted to SCJFS.

{¶ 4}   The trial court reviewed the case every six months and found SCJFS had made reasonable efforts to prevent continued removal.

{¶ 5}   On December 5, 2024, SCJFS filed a motion for permanent custody. A trial was set for February 5, 2025. Due to Father's incarceration, his portion of the hearing was continued due to scheduling issues with the prison.

{¶ 6}   On February 5, 2025, Mother appeared for trial and voluntarily relinquished her parental rights of O.S.

{¶ 7}   On April 8, 2025, the trial court heard testimony on the motion for permanent custody as it pertained to Father. Because Father had been incarcerated, no case plan was developed for him. As of the date of the hearing, Father's earliest release date was September 22, 2025. Further, Father had never visited O.S. at his residential facility. Additionally, SCJFS had concerns regarding Father's history of substance abuse and questioned his ability to care for O.S. as doing so would require extensive, specialized training which would reach beyond the sunset date of the case.

{¶ 8}   After taking the matter under advisement, the trial court granted SCJFS's motion for permanent custody, finding by clear and convincing evidence that Father had abandoned O.S. and that granting the agency's motion for permanent custody was in O.S.'s best interests.

{¶ 9} Father filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 10} "THE TRIAL COURT ERRED IN FINDING PERMANENT CUSTODY WAS IN THE BEST INTERESTS OF THE MINOR CHILD, RATHER THAN AN EXTENSION OF TEMPORARY CUSTODY."

{¶ 11} In his sole assignment of error, Father challenges the trial court's best interests findings arguing that an extension of temporary custody permitting Father to work a case plan after his release from prison was in the best interests of O.S. rather than an award of permanent custody to SCJFS. We disagree.

**Applicable Law**

{¶ 12} As an initial matter, Father asserts that an abuse of discretion standard applies when reviewing whether clear and convincing evidence supports a trial court's permanent custody judgment. However, in *In re Z.C.*, 2023-Ohio-4703, the Supreme Court of Ohio stated:

> [T]he proper appellate standards of review to apply in cases involving a juvenile court's decision under R.C. 2151.414 to award permanent custody of a child and to terminate parental rights are the sufficiency-of-the-evidence and/or manifest-weight-of-the-evidence standards, as appropriate depending on the nature of the arguments that are presented by the parties.

{¶ 13} *Id.* ¶ 18.

## Sufficiency of the Evidence

{¶ 14} Whether the evidence is legally sufficient to sustain a verdict is a question of law. *In re: Z.C.*, 2023-Ohio-4703, ¶13. "When applying a sufficiency-of-the-evidence standard, a court of appeals should affirm a trial court when 'the evidence is legally sufficient to support the jury verdict as a matter of law.' " *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶ 3, quoting *Thompkins* at 386, 678 N.E.2d 541, quoting Black's at 1433." *Id.*

{¶ 15} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. See *In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477. Sufficiency of the evidence "is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict [decision] is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

## Manifest Weight

{¶ 16} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction

[decision] must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). In *Thompkins*, supra, at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

> Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find *the greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*." [Emphasis sic.]

{¶ 17} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman*, 2012-Ohio-2179. Additionally, " 'Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' " *Seasons Coal Co.*, 10 Ohio St.3d 77, 80, (1984), quoting *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 280-281 (1978).

**Permanent Custody**

{¶ 18} R.C. 2151.414(B)(1) states in relevant part that permanent custody may be granted to a public or private agency if the trial court determines by clear and convincing

evidence at a hearing held pursuant to division (A) of R.C. 2151.414, that it is in the best interest of the child and any of the following apply: ... (b) The child is abandoned....

{¶ 19} R.C. 2151.414(B) therefore provides a two-pronged analysis the trial court is required to apply when ruling on a motion for permanent custody. In practice, the trial court will determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1) (a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶ 20} R.C. 2151.414(D) governs "best interests" and states:

> (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
>
> (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
>
> (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children

services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999;

(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 21} R.C. 2151.414(E) lists factors for a trial court to consider by clear and convincing evidence in its determination whether a child cannot be placed with either parent within a reasonable time or should not be placed with either parent. That section states in relevant part:

> (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court

shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

...

(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

...

(10) The parent has abandoned the child.

...

(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.

(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.

...

### Father's Argument

{¶ 22} Father does not challenge the trial court's finding of abandonment. Rather, he argues granting permanent custody to SCJFS was not in O.S.'s best interest and an extension of permanent custody should have been granted instead. We disagree.

{¶ 23} We note that Father's own actions have led to his incarceration thus demonstrating Father's unwillingness to provide an adequate permanent home for O.S. Father's incarceration has prevented him from caring for O.S. or learning to care for O.S. Testimony established Father will not be able to care for O.S within a reasonable time, if ever, and further, that Father has no bond with O.S. T. 12-13. While Father advocated for an extension of time, waiting for Father to be released from prison, to begin and complete a case plan, learn how to care for O.S., and reunify with O.S. would take this matter past its sunset date. *Id.* SCJFS also faced barriers in obtaining the best medical care for O.S. due to their status temporary custodians, a matter that a grant of permanent custody would remedy. T. 10-11. There is nothing in the record to rebut any of these facts. We

therefore find the trial court did not err in finding O.S. could not be placed with Father within a reasonable time.

{¶ 24} Upon review, we find sufficient, competent and credible evidence in the record to support the trial court's finding by clear and convincing evidence, and find the trial court did not err in determining the best interests of O.S. were best served by terminating the parental rights of Father and granting permanent custody to SCJFS.

{¶ 25} For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is .

{¶ 26} Costs to Appellant.


By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.