[Cite as *In re E.A.*, 2026-Ohio-906.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: E.A.

Case No. 2025CA00141

<u>Opinion and Judgment Entry</u>

Appeal from the Stark County Court of
Common Pleas, Family Court Division, Case
No. 2024JCV00572

Judgment: Affirmed

Date of Judgment Entry: March 18, 2026

**BEFORE:** William B. Hoffman, Craig R. Baldwin, Kevin W. Popham, Appellate Judges

**APPEARANCES:** Richard D. Hixson, for Counsel for Appellant-Mother; Brandon Waltenbaugh, Stark County Job and Family Services, for Appellee; Nicholas Doughty, Guardian ad Litem

OPINION

*Hoffman, P.J.*

**{¶1}**   Appellant N.D. (hereinafter "Mother") appeals the judgment entered by the Stark County Common Pleas Court, Family Court Division, awarding permanent custody of her child E.A. (hereinafter "Child") to Appellee Stark County Department of Job and Family Services (hereinafter "Agency").

STATEMENT OF THE FACTS AND CASE

**{¶2}**   Mother lost custody of one of her children in New Hampshire because the child had special health needs, and Mother failed to care for the child.  Mother then fled to Ohio with the Child, who was born on August 13, 2021, and her other children in an attempt to avoid losing custody of her children.  The Agency became involved with the family, concerned with Mother's mental health and the fact the children were not enrolled in school or attending doctor's appointments.  On May 28, 2024, the Child was found to be dependent and neglected, and was placed in the temporary custody of the Agency. The Child was initially placed in foster care, and eventually placed with her maternal aunt in New Hampshire.

**{¶3}**   A case plan was developed for Mother.  Mother failed to comply with the portion of the case plan requiring a parenting evaluation.  Mother failed to complete her drug and alcohol assessment as required by the case plan.  Mother completed a few Color Code drug screens in compliance with the case plan, but after she tested positive for THC, she failed to appear for further screens.

**{¶4}**   In July of 2024, Mother moved back to New Hampshire.  Mother failed to comply with her case plan in her New Hampshire case, which had similar objectives to

her case plan in Ohio.  While she completed a drug assessment in New Hampshire, Mother did not follow through with mental health treatment after being diagnosed with schizophrenia and bipolar disorder.  Mother did not have stable housing in New Hampshire.

{¶5}  Mother stopped visiting the Child in July of 2024.  Prior to this date, Mother participated in supervised visits.  The aide who supervised the visits reported the visits did not go well due to Mother's mental health.  Mother would often speak in Spanish so the workers would be unable to understand what was happening during the visits. Siblings who were older than the Child expressed to Mother their contentment with the stability in foster care, where they received three meals a day plus snacks.  After Mother stopped visiting the Child, she only saw the Child on one occasion when she happened to run into the Child with her current custodian.

{¶6}  The caseworker assigned to the case was unable to meet with Mother face to face after Mother returned to New Hampshire.  The caseworker spoke with Mother on the telephone to remind Mother of her responsibilities under her case plan, but during the calls, Mother became upset and threatened to sue the Agency.  The caseworker maintained contact with the caseworker assigned to Mother's case in New Hampshire, and would have accepted compliance with the New Hampshire services as compliance with the Ohio case plan, but Mother completed no services in New Hampshire other than a drug assessment.

{¶7}  The Agency moved for permanent custody of the Child.  The case proceeded to a hearing in the trial court.  Mother did not appear for the hearing, but was represented by counsel who appeared for the hearing.  Following the hearing, the trial

court found Mother had abandoned the Child by failing to visit for a period exceeding ninety days, and found the Child could not be placed with Mother within a reasonable period of time. The trial court found permanent custody to be in the Child's best interest, and granted permanent custody of the Child to the Agency.

{¶8} It is from the September 25, 2025 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION IN THIS MATTER UNDER OHIO'S UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT.

II. THE AGENCY FAILED TO MAKE REASONABLE EFFORTS TO REUNIFY THE FAMILY PRIOR TO THE TERMINATION OF PARENTAL RIGHTS AND THE TRIAL COURT ERRED WHEN IT FOUND THAT REASONABLE EFFORTS WERE MADE.

III. THE TRIAL COURT ERRED WHEN IT FOUND THAT PERMANENT CUSTODY WAS IN THE BEST INTEREST OF THE MINOR CHILDREN [SIC], AS SUCH A FINDING WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I.

{¶9} In her first assignment of error, Mother argues the trial court lacked subject matter jurisdiction over this case based on the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter "UCCJEA"). We disagree.

{¶10} R.C. 2151.23(A)(1) grants the juvenile court exclusive original jurisdiction concerning any child who, on or about the date specified in the complaint, is alleged to be an abused, neglected, or dependent child. R.C. 2151.23(A)(2) grants the juvenile court exclusive jurisdiction to determine the custody of a child who is not a ward of another court of Ohio. R.C. 2151.23(F)(1) provides the juvenile court shall exercise its jurisdiction in child custody matters in accordance with R.C. 3127.01 to 3127.53 of the Ohio Revised Code, which is Ohio's codification of the UCCJEA.

{¶11} R.C. 3127.18 provides in pertinent part:

> (A) A court of this state has temporary emergency jurisdiction if a child is present in this state and either of the following applies:
>
> (1) The child has been abandoned.
>
> (2) It is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.
>
> (B) If there is no previous child custody determination that is entitled to be enforced under this chapter and a child custody proceeding has not been commenced in a court of a state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another

state, a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another state. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another state, a child custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.

{¶12} We find the facts of this case satisfy R.C. 3127.18(A)(2). The Child was present in Ohio when the case commenced. The complaint detailed concerns about Mother's mental health, transient nature, drug use, failure to enroll her children in school and to provide access to medical care, and failure to comply with a safety plan to remedy the Agency's concerns. The complaint stated the caseworker discussed the case with Mother's caseworker in New Hampshire, who reported Mother was diagnosed with schizophrenia and bipolar disorder and was not engaged in treatment. Mother had a history of moving to another State when children's services became involved, and the Agency had been involved with Mother in the past but closed cases due to Mother moving. An active criminal warrant for Mother was pending from Ashtabula County. The facts of the complaint established the Child was threatened with mistreatment.

{¶13} Further, at the shelter care hearing Mother stipulated to a finding of dependency, thus admitting removal of the Child from her home was necessary to prevent

immediate or threatened physical or emotional harm to the Child, the Child had no parent able to care for her, and continued residence with Appellant was contrary to the best interest of the Child. Although a party cannot waive a court's subject matter jurisdiction, stipulation to the truth of facts necessary to establish subject matter jurisdiction may suffice to confer jurisdiction upon the court through estoppel. *In re Palmer*, 12 Ohio St. 3d 194, 196 (1984). We find the facts stipulated to by Mother sufficient to confer jurisdiction upon the court pursuant to R.C. 3127.18(A)(2).

{¶14} There is no competing order regarding the Child in New Hampshire. Therefore, pursuant to R.C. 3127.18(B), Ohio became the home state of the Child moving forward.

{¶15} The first assignment of error is overruled.

II.

{¶16} In her second assignment of error, Mother argues the trial court erred in finding the Agency made reasonable efforts to reunify Mother with the Child. We disagree.

{¶17} The Supreme Court of Ohio has held the trial court is not obligated by R.C. 2151.419 to make a determination the Agency used reasonable efforts to reunify the family at the time of the permanent custody hearing unless the agency has not established reasonable efforts have been made prior to that hearing. *In re C.F.*, 2007-Ohio-1104, ¶ 43. The trial court is only obligated to make a determination the Agency has made reasonable efforts to reunify the family at "adjudicatory, emergency, detention, and temporary-deposition hearings, and dispositional hearings for abused, neglected, or

dependent children, all of which occur prior to a decision transferring permanent custody to the state." *Id*. at ¶ 41.

**{¶18}** In this case, the record reflects the magistrate made reasonable-efforts findings at various points throughout the case on May 28, 2024, August 6, 2024, November 21, 2024, and April 18, 2025. Consequently, the Agency did not need to prove at the permanent custody hearing it made reasonable reunification efforts. *Id*.

**{¶19}** In addition, we find the record of the permanent custody hearing reflects the Agency made reasonable efforts to reunify Mother and Child.  A case plan was established which required Mother to complete a parenting evaluation, complete a drug and alcohol assessment, and engage in the Color Code system of drug testing.  Mother did not comply with the case plan.  While the caseworker never met with Mother face-to-face, this failure was a consequence of Mother returning to New Hampshire.  The caseworker attempted to engage with Mother via telephone, although the phone calls were unproductive.  The caseworker spoke regularly with Mother's caseworker in New Hampshire, and would have been willing to accept any progress Mother made on her New Hampshire case plan as progress on Mother's Ohio case plan.

**{¶20}** The second assignment of error is overruled.

III.

**{¶21}** In her third assignment of error, Appellant argues the trial court's finding permanent custody was in the Child's best interest is not supported by clear and convincing evidence and is against the weight of the evidence.  We disagree.

**{¶22}** R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court

schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long term foster care.

{¶23} Following the hearing, R.C. 2151.414(B)(1) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶24} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶25} Because R.C. 2151.414 requires a juvenile court to find by clear and convincing evidence the statutory requirements are met, the sufficiency-of-the-evidence and/or manifest-weight-of-the-evidence standards of review are the proper appellate standards of review of a juvenile court's permanent-custody determination, as appropriate

depending on the nature of the arguments which are presented by the parties. *In re Z.C.,* 2023-Ohio-4703, ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 7, *quoting Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶26}** Mother did not assign error to the trial court's findings the Child was abandoned and the Child cannot be placed with either parent within a reasonable period of time. Rather, she challenges the second prong of the analysis, which requires the juvenile court to determine by clear and convincing evidence it is in the best interest of the child to grant permanent custody to the agency pursuant to R.C. 2151.414(D). R.C. 2151.414(B)(1).

**{¶27}** In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D)(1) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (a) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (b) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (c) the custodial history of the child; (d) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and (e) whether any of the factors in division (E)(7) to (11) of R.C. 2151.414 apply in relation to the parents and child.

**{¶28}** The caseworker testified at the hearing the Child is placed with her maternal aunt in New Hampshire, along with some of her siblings. The Child has resided in her aunt's home since January of 2025. The Child has speech delays. A caseworker in New Hampshire monitored the placement and provided the Agency updates on a monthly basis. The Child is doing well in the placement and is bonded with everyone in the home. The Child has contact with three additional siblings placed with other relatives in New Hampshire. Mother has not visited the Child since July of 2024. Prior to July of 2024, Mother's visits with the Child and her siblings did not go well. Mother suffers from schizophrenia and bipolar disorder, for which she has not engaged in treatment, and has eight additional children. The maternal aunt and uncle wish to adopt the Child. The caseworker testified she believed the Child would benefit from adoption. We find the trial court's finding permanent custody is in the best interest of the Child is supported by clear and convincing evidence, and is not against the manifest weight of the evidence.

**{¶29}** The third assignment of error is overruled.

**{¶30}** The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed. Costs are assessed to Appellant.

By: Hoffman, P.J.

Baldwin, J. and

Popham, J. concur