[Cite as *In re H.G.*, 2024-Ohio-3408.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE H.G., ET AL. | : | |
| | | No. 113872 |
| Minor Children | : | |
| | | |
| [Appeal by He.G., Father] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 5, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD21904324 and AD21904325

### *Appearances:*

Michael E. Stinn, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee* Cuyahoga County Division of
Children and Family Services.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant, Father, appeals the juvenile court's decisions awarding permanent custody of his children, H.G. and K.G., to the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") and terminating his parental rights. After a careful review of the record, we affirm the juvenile court's decisions.

{¶ 2} On May 24, 2021, CCDCFS filed a complaint alleging the children to be abused and neglected and requested temporary custody to the agency. The complaint included allegations, among others, that Mother and Father were found unconscious in their vehicle with the children inside, both parents were determined to be intoxicated, both parents have substance-abuse issues, both lacked stable and appropriate housing, Mother and Father have a domestically violent relationship, and Father had pending charges for domestic violence. On May 25, 2021, the children were committed to the emergency temporary custody of CCDCFS. Following a hearing, on September 8, 2021, the juvenile court issued an entry in which it determined the allegations of the complaint had been proven by clear and convincing evidence, adjudicated the children to be neglected and dependent, and committed the children to the temporary custody of CCDCFS.

{¶ 3} In each child's case, CCDCFS initially filed a motion to modify temporary custody to permanent custody to CCDCFS in January 2022. Following further proceedings, on February 9, 2023, CCDCFS refiled its motion. After several continuances in the matter, the case proceeded to trial on December 15, 2023. Testimony and evidence were presented in the matter. On January 4, 2024, and January 5, 2024, the juvenile court issued decisions in which it granted CCDCFS's motion, committed each child to the permanent custody of the agency, and terminated the parental rights of Mother and Father.

{¶ 4} Father timely appealed. He raises three assignments of error for our review.

{¶ 5} Under his first assignment of error, Father claims the juvenile court erred by denying the parents' motion for continuance, which was made the morning of trial. At that time, Mother's counsel asked for a continuance after indicating that Mother had gone to the hospital that morning. Father was present with counsel, who was ready to proceed but joined the request for continuance.[1] Mother's counsel received photos of Mother in the hospital waiting area, but there was some skepticism as to Mother coincidently going to the hospital the day of the hearing, which had happened on a previous hearing date as well. The juvenile court noted the length of time the agency's motion had been pending and indicated that several proceedings were conducted at which Mother failed to appear except through counsel. The agency was ready to proceed and believed it was in the children's best interest to proceed. The juvenile court denied the continuance and proceeded with the hearing.

{¶ 6} Generally, the decision to grant or deny a motion for continuance is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981), citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Pursuant to R.C. 2151.414(A)(2), the juvenile court is to hold the permanent-custody hearing no later than 120 days after the agency files its motion for permanent custody, "except that for good cause shown" the court may grant a reasonable continuance, and the court is supposed to dispose

---

[1] Because the issue of standing raised by CCDCFS was not presented to the juvenile court, we shall not address it in the first instance on appeal.

of the motion for permanent custody no later than 200 days after the agency files its motion. Furthermore, pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties" and pursuant to Loc.R. 35(C) of the Cuyahoga County Court of Common Pleas, Juvenile Division, "[n]o case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing . . . ."

{¶ 7} Here, the record demonstrates that at the time of the permanent-custody hearing, the case had been pending for over two years, and the agency's refiled motion to modify temporary custody to permanent custody had been pending for over 200 days. Father was present with counsel, Mother's counsel was present, the agency was prepared to go forward with its case, the guardian ad litem and witnesses were present, and the juvenile court noted prior continuances had been provided. Ultimately, it was not in the children's best interest to delay the proceedings further, nor was it imperative to secure fair treatment for the parties. After examining the record in this case, we conclude that the juvenile court did not abuse its discretion in denying the requested continuance. Accordingly, the first assignment of error is overruled.

{¶ 8} Under his second assignment of error, Father claims the juvenile court erred in finding that reasonable efforts were made to prevent the removal of the children and finalize the permanency plan of reunification.

{¶ 9} The Ohio Supreme Court has held that, with narrow exceptions, the State must make reasonable efforts toward reunification during the child-custody proceedings and "[i]f the agency has not established that reasonable efforts have been made prior to the hearing on a motion for permanent custody, then it must demonstrate such efforts at that time." *In re C.F.*, 2007-Ohio-1104, ¶ 43. Here, the juvenile court made reasonable-efforts findings at various stages of the proceedings and found that relevant services were provided to the family but were not successful, including substance abuse, housing, parenting, and visitation. Additionally, in its decision to grant permanent custody to CCDCFS, the juvenile court again made reasonable-efforts findings.

{¶ 10} The record supports the juvenile court's reasonable-efforts findings and shows that a case plan and amended case plans were filed; the parents were referred to appropriate services; semiannual administrative reviews were conducted; CCDCFS made reasonable attempts to engage the parents; and the parents had visitation with the children. Although Father challenges the agency's efforts, "[t]he issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute." (Cleaned up.) *In re T.W.*, 2005-Ohio-5446, ¶ 31. Here, the record demonstrates the agency did more than enough. Notwithstanding the agency's efforts, the parents did not complete parenting classes, did not establish sobriety, and did not establish appropriate housing; and other significant concerns remained.

**{¶ 11}** After reviewing the record, we are unable to find that the juvenile court erred in finding with regard to each child that the agency made reasonable efforts to prevent the removal of the child from the home or to return the child to home. Further, we find there is clear and convincing evidence in the record to support the juvenile court's determination that "notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home." Appellant's second assignment of error is overruled.

**{¶ 12}** Under his third assignment of error, Father claims the juvenile court abused its discretion in finding that granting permanent custody to CCDCFS was in the children's best interest.

**{¶ 13}** Initially, we recognize that abuse of discretion is not the appropriate standard for our review. *See In re Z.C.*, 2023-Ohio-4703, ¶ 11, 18. Rather, "the sufficiency-of-the-evidence and/or manifest-weight-of-the-evidence standards of review are the proper appellate standards of review of a juvenile court's permanent-custody determination, as appropriate depending on the nature of the arguments that are presented by the parties." *In re Z.C.*, 2023-Ohio-4703, at ¶ 11. When applying a sufficiency-of-the-evidence standard, a reviewing court should affirm the trial court when the evidence is legally sufficient to support the judgment as a matter of law. *Id.* at ¶ 13, citing *Bryan-Wollman v. Domonko*, 2007-Ohio-4918, ¶ 3. "When

reviewing for manifest weight, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.* at ¶ 14, citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 20. Applying these standards, we shall review for sufficiency and manifest weight herein.

{¶ 14} Although it is well established that the right to parent one's child is a fundamental right, the government has broad authority to intervene to protect a child's health or safety. *In re C.F.*, 2007-Ohio-1104, ¶ 28, citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000); R.C. 2151.01. Ultimately, the natural rights of a parent are always subject to the ultimate welfare of the child, which is the controlling principle to be observed. *In re B.C.*, 2014-Ohio-4558, ¶ 20, citing *In re Cunningham*, 59 Ohio St.2d 100, 106 (1979).

{¶ 15} "Under R.C. 2151.414(B)(1), a juvenile court may grant permanent custody of a child to the agency that moved for permanent custody if the court determines, 'by clear and convincing evidence, that it is in the best interest of the child' to do so and that one of five factors enumerated in R.C. 2151.414(B)(1)(a) through (e) applies.'" *In re Z.C.* at ¶ 7.[2] In this case, the juvenile court made each of

---

[2] "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

the statutory determinations and engaged in the requisite analysis. Father does not challenge the juvenile court's determination under R.C. 2151.414(B)(1)(d), which is supported by the record herein.[3] Instead, Father's challenge focuses on the juvenile court's determination that permanent custody to CCDCFS is in the children's best interest.

{¶ 16} "[T]he best interests of the child are paramount in any custody case" and courts are to liberally interpret the statutes under R.C. Chapter 2151 "to provide for the care and protection of the child . . . ." *In re A.B.*, 2006-Ohio-4359, ¶ 32, citing R.C. 2151.01(A). In each child's case, the juvenile court's decision reflects that it considered all relevant best-interest factors, including the enumerated factors under R.C. 2151.413(D)(1)(a)-(e), which are specifically set forth in the court's decision, and determined "by clear and convincing evidence that a grant of permanent custody is in the best interests of the child . . . ." Additionally, the trial court made findings establishing each of the factors under R.C. 2151.414(D)(2) applied, in which case the statute instructs that "permanent custody is in the best interest of the child, and the court shall commit the child to the permanent custody of a public children services agency or private child placing agency."

---

established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

[3] We recognize that CCDCFS refiled its motion in this case. Insofar as the juvenile court made findings in relation to R.C. 2151.414(B)(1)(a) and (E), as well as (B)(1)(d), the findings are supported by the record.

{¶ 17} The record herein demonstrates that at the time of trial, neither parent had demonstrated sobriety or satisfied the objectives of their case plan. Mother enrolled in an intensive outpatient program but had not completed services. Father completed an assessment but did not engage in recommended substance-abuse services. Although he enrolled in an intensive outpatient program in October 2023, he had not yet completed the program. Both parents tested positive for fentanyl in March 2023, and neither had been compliant with providing requested biweekly drug screens, despite the agency providing bus passes for transportation. Housing referrals were made, but the parents were using Mother's sister's CMHA housing for their mail address and the agency had not been able to verify suitable housing, despite the case worker offering to make a home visit. Neither parent had completed parenting services. Father never asked or expressed interest in attending medical appointments. Although supervised visitation occurred and the visitations had been consistent for the prior three months with interactions that were good, there were considerable other concerns that remained.

{¶ 18} The record further shows that the children, who have significant needs, were well cared for in their respective foster homes, were bonded with their caregivers, and their specialized needs were being met. Further, no relative or other interested person had filed or been identified in a motion for legal custody, and the children needed a legally secure placement, which could not be achieved without a grant of permanent custody to the agency. The record supports the juvenile court's determinations that one or more factors under R.C. 2151.414(E) applied and that the

children could not be placed with either parent within a reasonable time or should not be placed with either parent. The guardian ad litem for the children recommended permanent custody to CCDCFS, indicating a variety of compelling reasons and stating that "in the particular case, it's absolutely necessary." Other testimony and evidence were presented in the matter to support the juvenile court's findings, which this court has thoroughly reviewed.

{¶ 19} Although Father argues that he was working toward his case plan, at the time of the permanent custody hearing, the children had been in the temporary custody of CCDCFS for over two years and no longer qualified for temporary custody pursuant to R.C. 2151.415(D). Further, sufficient time had already been provided and Father had not shown that he can provide a safe, stable, and sober environment for the children. Indeed, "[t]here is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current 'home,' under the care of his parents or foster parents, especially when such uncertainty is prolonged.'" *In re B.C.*, 2014-Ohio-4558, at ¶ 20, citing *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 513-514 (1982). We are not persuaded by Father's other arguments.

{¶ 20} After thoroughly reviewing the entire record, we find there is clear and convincing evidence in the record to support the juvenile court's findings under both R.C. 2151.414(D)(1) and (2), as well as its determination that a grant of permanent custody to CCDCFS was in each child's best interest. Moreover, in each child's case, the evidence was legally sufficient to support the juvenile court's

decision as a matter of law, and we do not find the decision to grant permanent custody to CCDCFS to be against the manifest weight of the evidence. Accordingly, we overrule Father's third assignment of error and affirm the juvenile court's decisions granting permanent custody of the children to CCDCFS.

**{¶ 21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR