[Cite as *State v. Watkins*, 2025-Ohio-3035.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 03 0020 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 23 CRI 09 0497 |
| CHRISTOPHER WATKINS, | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: August 25, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**{¶1}** Defendant-Appellant, Christopher Watkins ("Appellant"), appeals from the Delaware County Court of Common Pleas' jury verdict finding him guilty of felonious assault and robbery. For the following reasons, we affirm.

## **STATEMENT OF THE CASE AND RELEVANT FACTS**

**{¶2}** On October 12, 2023, Christopher Watkins ("Appellant") was indicted in the Delaware County Court of Common Pleas on one count of Felonious Assault in violation

of R.C. 2903.11(A)(1), a felony of the second degree; and one count of Robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. The charges arose from events that took place on August 21, 2023, at the Hilton Polaris hotel in Delaware County.

{¶3} On the day in question, E.G, a hotel housekeeper, was attempting to clean Room #814. When E.G. was gathering supplies from the cleaning cart in the hallway, the assailant emerged from Room #813 and struck E.G in the face with a closed fist, multiple times, causing her to lose consciousness. E.G. suffered numerous facial fractures from the assault. A.R. saw the attack happening and attempted to use his walkie talkie to get help. A.R. yelled at the assailant to stop and the assailant came running towards A.R. Because A.R. resisted the assailant taking the walkie talkie, the assailant pushed A.R. and kicked him, causing A.R. to fall to the ground and continued kicking him. A.R. tried to reach for his cell phone in his pants pocket, but the assailant managed to escape with both the phone and the walkie talkie.

{¶4} The hotel engineer, Ridgeway, was called to the 8th floor in response to the emergency. A man ran past Ridgeway, but Ridgeway had a good view of his face. Police later showed Ridgeway a photo array for identification - he chose photo number 5 - a photo of Appellant. Ridgeway testified at trial he was confident - an 11 on a scale of 1 to 10 - that he identified the man (Appellant) who ran past him in the hallway immediately following the incident involving E.G. and A.R. Appellant was not a registered guest at the hotel.

{¶5} Although Appellant fled the scene prior to law enforcement's arrival, law enforcement checked Room #813 for evidence. They found a hat and a to-go food container in the room. The hat was later tested for DNA with only Appellant's DNA found

on it. Hotel video footage later revealed that Appellant was seen earlier wearing a baseball hat like the one found in Room #813. The to-go food container was also determined to be Appellant's after hotel video footage was reviewed and showed Appellant ordering food to go at the hotel's restaurant and then entering the hotel elevator. The food container in Room #813 matched the one Appellant was seen carrying in video footage. Appellant was subsequently charged with felonious assault and robbery.

{¶6} Appellant pled not guilty. A jury trial took place on February 25, 2025, through February 27, 2025. Appellant waived his right to counsel and proceeded to represent himself; however, stand by counsel was appointed. After hearing the testimony and evidence presented, the jury found Appellant guilty of both offenses. On February 27, 2025, the court sentenced Appellant to an aggregate prison term of 14-18 years; 8-12 for felonious assault and 6 years for robbery. The court ordered the prison terms to be served consecutively. On March 7, 2025, Appellant filed a timely notice of appeal.

## ASSIGNMENTS OF ERROR

{¶7} "I. WATKINS CONVICTION FOR FELONIOUS ASSAULT IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."

{¶8} "II. WATKINS' CONVICTION FOR ROBBERY IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE OR THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL"

## LAW AND ANALYSIS

### *Felonious Assault – Manifest Weight of the Evidence*

{¶9} In his first assignment of error, Appellant argues his conviction for felonious assault is against the manifest weight of the evidence. Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 387

(1997); *State v. Williams*, 2003-Ohio-4396, ¶ 83. When a court of appeals reverses a judgment of a trial court as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of conflicting testimony. *State v. Jordan*, 2023-Ohio-3800; *Thompkins,* at 387; *Williams,* ¶ 60. The reviewing court must determine whether the jury clearly "lost its way and created such a manifest miscarriage of justice" that the conviction cannot stand, and a new trial must be ordered. *Id.*, quoting *State v. Group*, 2002-Ohio-7247, ¶ 77 (citations omitted).

{¶10} In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact. *Eastley v. Volkman,* 2012-Ohio-2179, ¶ 21; *In re Z.C.*, 2023-Ohio-4703, ¶ 14. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶11} Appellant argues his conviction is against the manifest weight because Ridgeway's identification of him as the man in the hallway is questionable and further claims that while E.G. identified Appellant as her assailant at trial, she failed to identify him in a photo lineup, suggesting her recollection is flawed. Appellant's argument is not well-taken.

{¶12} E.G. testified that her assailant emerged from Room #813 while she was in the hallway gathering supplies from the cleaning cart to clean Room #814. The assailant came out of room #813 and began beating E.G. in the face for no apparent reason. Appellant was not a registered guest in the hotel, yet when Room 813 was searched, they

found a baseball hat and a to-go food container. The baseball hat found in Room #813 revealed only Appellant's DNA on it. Hotel video footage also revealed that Appellant was seen earlier wearing a baseball hat, just like the one found in Room #813. The jury also viewed the camera footage of the man ordering to-go food at the hotel's restaurant and then entering the hotel elevator. The food container in Room #813 matched the one Appellant was seen carrying in video footage. This evidence is in addition to Ridgeway's testimony that Appellant was in fact the man that ran past him in the hallway and got on the elevator immediately after assaulting E.G. Ridgeway stated to police he had a good view of the individual's face and was extremely confident that Appellant was the man in question.

{¶13} In this case, the circumstantial evidence is strong. Appellant's argument that E.G. could not identify Appellant in a police lineup shortly after her beating ignores the additional evidence demonstrating that Appellant was the assailant. The jury heard all the evidence and determined beyond a reasonable doubt that Appellant was in fact the assailant. Without question, Appellant caused serious physical harm to E.G., she suffered multiple fractures to her face because of the assault.[1] We cannot conclude that the jury clearly "lost its way and created such a manifest miscarriage of justice" that the conviction cannot stand. As such, the jury's verdict is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.

---

[1] The elements of felonious assault are: R.C. 2903.11(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn.

***Robbery – Sufficiency of the Evidence and Manifest Weight of the Evidence***

**{¶14}** In the second assignment of error, Appellant claims his conviction for robbery is not supported by legally sufficient evidence or the weight of the evidence presented at trial. Appellant claims there is no evidence to show that Appellant is the individual who robbed A.R. of his cell phone and walkie-talkie. Appellant argues there were no cameras in the hallways, the phone and walkie talkie were not recovered in Appellant's room, and A.R. failed to identify Appellant as the perpetrator in a photo lineup or at trial. We disagree.

**{¶15}** Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley,* 2021-Ohio-2207:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury

verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 219.

*Id.* at ¶ 57.

{¶16} Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

{¶17} The elements of robbery are set forth in R.C. 2911.02. Section (A)(2) provides that (A) "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another." Theft is defined in R.C. 2913.02. "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent; (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent; (3) By deception; (4) By threat; (5) By intimidation."

{¶18} Here, there is more than sufficient evidence that Appellant was the assailant against A.R. and did in fact commit robbery, as charged. First, the same person who feloniously assaulted E.G. attacked and robbed A.R. when A.R. tried to stop the assault. The jury determined the assailant to be Appellant, and we conclude above that the conviction is not against the manifest weight of the evidence. Second, the elements of robbery are clearly met. The testimony demonstrates that A.R. attempted to use his walkie talkie to alert hotel personnel that an attack was taking place. Appellant tried to

take away the walkie talkie, and because A.R. resisted Appellant's efforts, Appellant pushed and kicked him, causing A.R. to fall to the ground while Appellant kept kicking him. A.R. tried to reach for his cell phone in his pocket, but Appellant managed to escape with both the phone and the walkie talkie. The statutory requirements of physical harm and theft, or attempted theft, are met. Thus, Appellant committed robbery. As such, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

## CONCLUSION

{¶19} Appellant's first and second assignments of error are overruled in their entirety and the jury verdict finding Appellant guilty of felonious assault and robbery, from the Delaware County Court of Common Pleas, is affirmed.

{¶20} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.