[Cite as *In re C.G.*, 2025-Ohio-648.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE C.G., JR., ET AL. | : | |
| Minor Children | : | No. 113968 |
| [Appeal by D.W., Mother] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-23907140, AD-23907141, AD-23907142, and AD-23907143

---

### *Appearances:*

Sylvester Summers, Jr., Co., L.P.A., and Sylvester Summers, Jr., *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Corbin Finkenthal, Assistant Prosecuting Attorney, *for appellee* CCDCFS.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant D.W. ("mother") appeals from the judgment entries of the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), that

committed her four minor children, C.G., L.G., J.D., and L.W., to the legal custody of a relative.[1]  Upon review, we affirm the decision as to each child.

{¶ 2}  On June 21, 2023, the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") filed a complaint alleging the children to be abused (J.D.), neglected, and dependent and seeking temporary custody of the children to CCDCFS.  This was the third filing of a complaint in the matter, and the children had been removed from mother's care in December 2022.  Among other allegations, the complaint asserted that mother has substance-abuse issues, had tested positive for cocaine and fentanyl, had a conviction for endangering children of which one of her children was the victim, and lacks appropriate parenting skills. The complaint also alleged C.G. and L.G. were previously adjudicated due to mother's issues and were in the custody of CCDCFS for over two years before they reunified with mother.  Numerous allegations were set forth pertaining to different fathers/alleged fathers of the children.  The juvenile court committed the children to the predispositional temporary custody of CCDCFS.

{¶ 3}  After an adjudicatory hearing was held, the juvenile court issued journal entries in October 2023, in which C.G., L.W., and L.G. were adjudicated neglected and dependent, and J.D. was adjudicated abused, neglected, and dependent. In November 2023, CCDCFS filed motions to modify temporary custody of C.G., J.D., and L.W. to the legal custody of an aunt, and of L.G. to the legal custody

---

[1] J.D. was listed as J.W. on the complaint, but the child's name and initials were later corrected.

of an uncle. The aunt and uncle are the respective caretakers for the children. Following a dispositional hearing, magistrate's decisions were issued that recommended the children be so committed. In April 2024, the juvenile court issued judgment entries that overruled objections, approved and adopted the magistrate's decisions, and ordered each child's respective placement with the relative caretaker. This court has thoroughly reviewed the testimony and evidence in the record.

{¶ 4} Mother timely appealed. Under her sole assignment of error, she claims that there was insufficient evidence to support granting legal custody and that the juvenile court's decisions were against the weight of the evidence.

{¶ 5} "When applying a sufficiency-of-the-evidence standard, a court of appeals should affirm a trial court when 'the evidence is legally sufficient to support the [trial court's judgment] as a matter of law.'" *In re Z.C.*, 2023-Ohio-4703, ¶ 13, quoting *Bryan-Wollman v. Domonko*, 2007-Ohio-4918, ¶ 3. When reviewing a manifest-weight-of-the-evidence challenge, "the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id*. at ¶ 14, citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 20.

{¶ 6} As the Supreme Court of Ohio has recognized, "Although parents have a fundamental right to parent their children, a child has basic rights to

adequate care and to be free from abuse and neglect." *In re R.G.M.*, 2024-Ohio-2737, at ¶ 16, citing *In re Schmidt*, 25 Ohio St.3d 331, 335 (1986). Therefore, "[j]uvenile courts are afforded broad discretion in fashioning a disposition following the adjudication of a child as being abused, neglected, or dependent, because the courts are charged with protecting the best interests of children." *Id.* at ¶ 16, citing R.C. 2151.353(A).

{¶ 7} In this matter, the juvenile court was to treat the hearing on CCDCFS's motion for legal custody "as if the hearing were the original dispositional hearing." R.C. 2151.353(F)(2). Pursuant to R.C. 2151.353(A)(3), after a child has been adjudicated abused, neglected, or dependent, the court may "[a]ward legal custody of the child to . . . any . . . person who . . . is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings."

{¶ 8} "When a juvenile court considers an award of legal custody following an adjudication of abuse, neglect, or dependency, it does so by examining what would be in 'the best interest of the child' based on a preponderance of the evidence." (Cleaned up.) *In re S.L.*, 2024-Ohio-1989, ¶ 19 (8th Dist.). "'Preponderance of the evidence' means 'evidence that's more probable, more persuasive, or of greater probative value.'" (Cleaned up.) *In re Y.F.*, 2024-Ohio-5605, ¶ 31 (8th Dist.). "Although R.C. 2151.353(A)(3) does not provide factors the court should consider in determining the child's best interest upon a motion for legal custody, the factors outlined in R.C. 2151.414(D) are instructive." *In re S.L.* at ¶ 19, citing *In re K.L.V.W.*,

2023-Ohio-1287, ¶ 31 (8th Dist.). "Legal custody is significantly different from the termination of parental rights — despite losing legal custody of a child, the parents of the child retain residual parental rights, privileges, and responsibilities." *In re Y.F.* at ¶ 31, citing R.C. 2151.353(A)(3)(c).

{¶ 9} Here, the juvenile court engaged in a proper analysis and granted legal custody of each child to the respective caretaker. The record shows that the children were removed from mother's care and custody in December 2022. Although mother acquired stable and appropriate housing, engaged in mental-health and substance-abuse treatment, completed anger-management and parenting services, and was bonded with the children, she had not made significant progress on her substance-abuse issues and serious concerns remained. There was testimony that mother submitted for random drug screens and that she tested positive every month from July to December 2023, which included positive results for cocaine, marijuana, and fentanyl. Although mother had negative screens while in a residential treatment program at the Hitchcock Center for Women and had a negative screen for the agency in January 2024, she did not demonstrate any significant period of sobriety. As CCDCFS states, in total, mother displayed only one month of sobriety from the time the children came into custody until the time of the hearing.[2] Additionally, the record reflects that mother was on probation and had a conviction for child endangering, there previously had been issues with the children

---

[2] Though mother did not test positive in drug testing with the probation department, she tested positive on all but one of her random screens for CCDCFS.

attending school while in mother's care, and concerns remained because of mother's substance-abuse issues. There also were valid concerns regarding the fathers/alleged fathers in the matter.

{¶ 10} Further, the record shows the social worker testified that the homes of the aunt and the uncle were appropriate, the children's basic needs were being met, and the children were bonded with the respective caregiver. Though the children had varying wishes with regard to being returned to mother's home, the guardian ad litem ("GAL") recommended legal custody be granted to the respective caregivers. Among other concerns, the GAL expressed that this was not the first time mother had lost custody, that this action was refiled three times, that mother had been afforded time to get back on track, and that mother has always maintained she is not a fentanyl user despite her test results. The juvenile court reviewed the statement of understanding with the aunt and uncle. Other evidence was presented and reviewed in the matter.

{¶ 11} As found by the juvenile court, there had not been significant progress by either parent in alleviating the cause for the removal of the children from the home, and their placement with the respective caretakers was appropriate. The juvenile court recognized mother had been offered mental-health counseling, substance-abuse treatment, and parenting education; however, "[d]espite Mother's participation in services, she continues to test positive for illegal substances." The juvenile court's best-interest determination was supported by a preponderance of the evidence.

{¶ 12} While mother argues that the juvenile court should have extended temporary custody and provided her another six months to complete her case plan, the record does not support mother's argument that she should be given more time to remedy the conditions that led to her children's removal. Additionally, "[e]ven where there is 'time for another extension of temporary custody,' a juvenile court is not required to extend temporary custody if it finds that a child's best interest would not be served by an extension or there is no reasonable cause to believe the child would not be reunified with his or her parents within the period of extension." *In re M.T.*, 2024-Ohio-3111, ¶ 54 (8th Dist.), citing *In re Da.B.*, 2018-Ohio-689, ¶ 17-18 (8th Dist.); *see also* R.C. 2151.415(D)(1).

{¶ 13} In this matter, the juvenile court properly determined in each case that the child's continued residence or return to mother's home was not in the child's best interest, nor was the continued temporary custody of the child. Furthermore, the record does not support mother's argument that the evidence did not support a finding that legal custody was in the best interest of the children or any of her other arguments.

{¶ 14} After carefully reviewing the record herein, we find the juvenile court's decision to grant legal custody of each child to the respective caretaker is supported by sufficient evidence and is not against the manifest weight of the evidence. The assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR